[No. 23651. Department One. July 6, 1932.]

H. G. BURDEN et al., Respondents, v. WILLIAM T.
GORDON et al., Appellants.[1]

O. O. McLane, for appellants.
Leo Teats and Ralph Teats, for respondents.

HERMAN, J.—Plaintiffs brought suit to forfeit a contract for the sale of real estate from plaintiffs to defendants, and to remove the cloud upon plaintiffs' title created by such contract. Defendants served a motion which, although not so designated, was in effect a motion for a bill of particulars, together with a demurrer to the complaint. The court denied the motion and overruled the demurrer. Defendants then answered, admitting certain facts and alleging some affirmative matter. Judgment was entered for plaintiffs on the pleadings. From that judgment, defendants have appealed.

The contract in question, which was entered into January 21, 1930, called for the payment of $500 and interest. It recited that $57.26 had been paid, and that the balance was payable at the rate of $12.50 per month, and contained a provision for forfeiture in

[1]Reported in 12 P. (2d) 918.

the event of the failure of appellants to make the payments called for by its provisions. Appellants insist that the description of the property covered by the contract to sell was changed, after their signature and without their consent, by the addition of the words, ''Excepting that portion condemned by south Ninth street.'' The legal action to condemn south Ninth street has, in fact, been dismissed.

Appellants' answer admits that they have paid no money to respondents on account of the contract since it was executed. They allege making tenders at two different times, one of which they claim was made July 29, 1930. It consisted of a claim against respondents which had been assigned to appellants, plus the further sum of $26.50, which appellants allege was sufficient to bring the payments up to the date of such tender. They also allege that, in September, 1930, a sum of $100 was tendered. This suit was started in May, 1931.

None of the affirmative matter pleaded by appellants is material to the issue, save such as bears upon their right to have the contract reformed by striking the words, ''Excepting that portion condemned by south Ninth street.'' As has heretofore been noted, the condemnation suit referred to by those words has been dismissed. Appellants' answer admits that nothing has been paid on the contract since it was executed. Appellants have made no tender of the amount due at the time suit was started, nor have they paid into court any sum whatsoever. The prayer of their answer and affirmative defense is. as follows:

''Wherefore, these defendants pray that the plaintiffs in this action may be ordered and directed to forthwith execute a proper contract for the premises described in plaintiffs' complaint, which contract should be in favor of these defendants; that said con-

tract should be in the sum of $500, less the sum of $57.26, as evidenced by Exhibit 'A' attached to plaintiffs' complaint, and that there may be credited thereon the sum of $48.50, as evidenced by the assignment in favor of these defendants, and that the court may determine in what manner the payments shall thereafter be made, preferably at the rate of $12.50 per month from and after the date when the plaintiffs in this action shall actually execute and deliver the said contract.

"Defendants further pray that this action may be dismissed; that they may have and recover their costs and disbursements herein, and for such other and further relief as to this honorable court may seem equitable and just in the premises."

Appellants are seeking equitable relief. A written contract was entered into between appellants and respondents. This contract requires certain payments by appellants, which the pleadings show were not made. It was the duty of appellants to meet their obligations under the contract, if they would avail themselves of the aid of the court in reforming the contract which they entered into. This the record shows they have not done. According to the admissions in the pleadings, they have enjoyed the use of the premises since January 21, 1930, after having made an initial payment of $57.26, without having made any of the subsequent payments required by the contract, and under the terms of the contract, which, according to its provisions, is subject to forfeiture under such conditions, they are in default. The trial court correctly entered judgment for respondents on the pleadings.

Affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and STEINERT, JJ., concur.